# STATE OF MICHIGAN

# COURT OF APPEALS

---

KIMBERLY MARIE MARIK,

      Plaintiff-Appellee,

v

PETER BRIAN MARIK,

      Defendant-Appellant.

FOR PUBLICATION
July 24, 2018

No. 333687
Macomb Circuit Court
Family Division
LC No. 2011-000651-DM

---

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

O'CONNELL, J. (*concurring*).

I concur with Judge Cameron's well written majority opinion. I write separately to propose an Inevitable Remand Rule. Generally speaking, the controlling issue in any child custody case is the child's established custodial environment (ECE) at the time of the hearing. This is true whether the issue presented is legal custody or physical custody of the minor child. As I stated in *Lieberman v Orr*, 319 Mich App 68, 105; 900 NW2d 130 (2017) (O'CONNELL, J., dissenting), "the controlling consideration is the child's *custodial environment* at the time of the hearing."

When a trial court fails to articulate, with precision, which party has, or which parties share, the established custodial environment, and it cannot be discerned from the lower court record, the Court of Appeals should invoke the Inevitable Remand Rule with the help of a motion from one of the parties. Simply put, on appeal, when the trial transcript is devoid of a trial court's findings on which party has, or which parties share, the established custodial environment, a motion to remand should immediately be filed with the Court of Appeals. The motion should articulate that the trial court erred and request a remand for an evidentiary hearing for the trial court to decide which party has, or which parties share, the ECE. (Needless to say, the motion should not be filed if the trial court has made a finding on the ECE and a party simply disagrees with the trial court findings. Such a motion would be considered frivolous.)

In the present case, the trial court decided a parenting time issue and a school issue on June 13, 2016, without first deciding the ECE of the minor children. The majority opinion sets forth the framework for this Court's review of the trial court's decision; there is no need to repeat it in this concurring opinion. (Both the majority and dissenting opinions in *Lieberman*, 319 Mich App 68, have an excellent discussion of this issue.) But, it is now approximately two years since

-1-

the trial court made its initial decision, and we are remanding this case for a determination of the ECE. Of course, the trial court can consider any change of circumstances in the past two years. Needless to say, for numerous reasons, such a process is a colossal waste of time, damaging to the children, very expensive to the parties, and highly inefficient in deciding child custody matters.

I write this concurring opinion simply to propose and advocate an Inevitable Remand Rule when the trial court fails to make a finding regarding the established custodial environment.

/s/ Peter D. O'Connell